UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SAMMY STEVEN PRICE                                              CIVIL ACTION

VERSUS                                                          NO:   15-5461

ORLEANS PARISH SHERIFF'S OFFICE, ET AL.                         SECTION: "H" (4)

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to Tittle 28 U.S.C § 636(b)(1)(B) and (C), §1915(e)(2) and § 1915A, and as applicable, Title 42 U.S.C. § 1997e(c)(1) and (2). Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.     Factual Summary**

The plaintiff, Sammy Steven Price ("Price"), was incarcerated in the Orleans Parish Prison ("OPP") at the time of filing this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. The plaintiff filed a claim against the Orleans Parish Sherriff's Office ("OPSO"), Marlin N. Gusman, ("Sheriff Gusman"), Niomi Jones ("City Attorney"), the Municipal Court Section C, Captain Washington, the Temporary Detention Center ("TDC") acting warden, Captain Rhodes, and Sergeant Taho.

Price has filed two complaints. The first complaint states that he was not timely released after bond was posted. Price alleges that he posted bail on May 5, 2015, but he was not released until May 12, 2015, because the forms for his release were not sent to the proper authority on time. Price alleges that his untimely release is due to the "malicious and intentional" decision of the City Attorney.  Price alleges that the City Attorney deliberately delayed the dismissal of the municipal

charges of domestic abuse battery third offense even though it was picked by the Criminal District Court as an enhanced charged.  He alleges that she knew that he posted bond in the Criminal District Court but due to her failure to dismiss the municipal charge he could not be immediately released.  This delay he contends amounts to false imprisonment for which he seeks compensation in the amount of $75,000. (R. Doc. 1, p. 6).

Price's second complaint states that the conditions of his confinement were unconstitutional.  He alleges that on October 2, 2015, Captain Rhodes and Captain Washington forced him to sit in a cell that did not have air conditioner. (R. Doc.  1, p. 7-8). Price complains that he informed Captain Rhodes and Washington that he had one lung, chronic sinus disease, and that he would have a hard time breathing in a hot cell. (R. Doc 1, p. 9).  Price alleges that when he got into the cell, he began to sweat, feel faint and light headed, and have shortness of breath. *Id.* He alleges that he was in the cell from 11:00 a.m. to 3:30 or 4 p.m. (R. Doc. 1, p. 10).

Price also alleges that the Defendants failed to protect him.  He alleges that he was afraid for his safety and reported it to several unnamed deputies.  He alleges that on the morning of October 2, 2015, he had a court hearing, prepared to leave and while waiting for transportation, he asked some inmates if they could change the television to the news. (R. Doc. 1, p. 7).  The inmates advised him that a DOC inmate had the remote under his mattress and that he was asleep.  Price went over to the inmate who responded by approaching the plaintiff cursing him.  Price contends that he turned around to defend himself and they began to fight. The fight was interrupted by Captain Washington and Sergeant Tiao who grabbed him and pushed him from behind.  Price complains that he was taken to medical that night and later attacked again and although he was not handcuffed, he was unable to defend himself.

He complains that he was taken to Templeman 5 while handcuffed behind his back and that the handcuffs were tight. As a result, he complains that now his pinky finger is paralyzed and unable to bend and his hands are both numb. He also complains that due to his placement in a holding cell for five hours, he urinated and defecated on himself. Price is seeking monetary damages in the amount of $100,000.

**II.     Standard of Review**

According to Title 28 U.S.C § 1915A and Title 41 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners in forma pauperi if it is determined that they are frivolous. The Court has broad discretion in determining whether a claim is frivolous. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir.1986), modified on other grounds, *Booker v. Koonce*, 2 F.3d 114 (5th Cir.1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis in either law or in fact. *Neitzke v. Williams*, 490 U.S. 319, (1989); *Talib v. Gilley*, 138 F.2d 318 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); see *Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992).

### III. Analysis

#### A. OPSO and Municipal Court

Price names the OPSO and the Municipal Court as defendants in this case. However, neither defendant are proper within the meaning of Title 42 U.S.C. § 1983. Section 1983 imposes liability on any "person" who violates someone's constitutional rights "under the color of law". Title 42 U.S.C. § 1983; *see Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). According to Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether defendants can be sued. Under Louisiana law, an entity must qualify as a "juridical person", which is defined as an "entity to which the law attributes personality, such as a corporation or partnership." *See* La. Civ. Code Ann. Art. 24.

In Louisiana, the parish sheriff's offices are not legal entities capable of being sued. *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988); *Warren v. New Orleans Police Dep't*, 1992 WL 233786, at *1 (E.D. La. Sept. 2, 1992) (citing *Jenkins v. Jefferson Parish Sheriff's Office*, 385 So.2d 578 (La.App. 4th Cir.1980)).

Additionally, Municipal Courts also are not entities capable of being sued. *Moity v. Louisiana State Bar Association*, 414 F.Supp. 180, 182 (E.D.La.1976) ("state courts are not considered 'persons' within the meaning of § 1983"), aff'd, 537 F.2d 1141 (5th Cir.1976); see *McCann v. Louisiana*, 2012 WL 1309251, at *2 (W.D. La. Mar. 12, 2012), report and recommendation adopted, No. 11-CV-1663, 2012 WL 1309281 (W.D. La. Apr. 16, 2012)("Like jails, offices, and departments, supra, the "Ninth Judicial District Court, Division B" is not a juridical person or entity capable of being sued").

Therefore, Price's claims against OPSO and the Municipal Court are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to § 1915(e) § 1915A §1997(e).

### B. Sheriff Gusman

Price also sued Sheriff Gusman. Pursuant to § 1983, supervisors would not be held liable under any theory of respondeat superior simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Texas A & M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1981).

Sheriff Gusman may be liable under § 1983 only if he was "personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation" *Douthit v. Jo*nes, 641 F.2d 345, 346 (5th Cir. 1981)(citing *Sims v. Adams*, 537 F.2d 829, 831 (5th Cir. 1976)).

In order for a prison official to be in violation of the constitution's prohibition against cruel and unusual punishment, "the prison official's state of mind must be examined to whether the undue hardship endured by the prisoner was a result of the prison official's deliberate indifference." *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). To establish deliberate indifference, the prisoner would have to show that the defendant: "(1) was aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and (2) and he actually drew an inference that such potential harm existed." *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Price, in this case, has not alleged that Sheriff Gusman was personally involved in the events giving rise to this complaint. An official is deliberately indifferent to an inmate's health and safety needs "only if he knows that the inmates faces a substantial risk of serious harm and

disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Price has not alleged that Sherriff Gusman knew about any of the events alleged in Price's complaint.

Price appears to have named Sheriff Gusman, because of his supervisory role in OPP. Therefore, his claims against the Sheriff are frivolous and otherwise fails to state a claim for which relief can be granted pursuant to § 1915(e), § 1915A, §1997(e).

### C. The City Attorney

Price also has named the City Attorney as a defendant in his case for allegedly leaving a domestic abuse battery third offense charge outstanding when it should have been dismissed.

However, prosecutors are absolutely immune from § 1983 liability for damages when the conduct complained of is "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Meaning, absolute immunity applies when a prosecutor acts as an "officer of the court," but may not apply when she is "engaged in other . . . investigative or administrative tasks." *Id.* at 342 (quoting *Imbler*, 424 U.S. at 431 n.33).

The decision to initiate, maintain, or dismiss criminal charges is at the core of the prosecutorial function. Price therefore argues that Niomi Jones allowed the municipal charge to continue as a means to punish him. Such a motivation would be reprehensible and such threats abhorrent, but they do not lift the decision to maintain a criminal prosecution from the prosecutorial activities protected by *Imbler; see Boyd v. Adams,* 513 F.2d 83 (7th Cir. 1975)(anticipating *Imbler* test; dismissal of charges in return for release was within immunity).

Because the City Attorney is protected by prosecutorial immunity, the claims against the City Attorney should be dismissed with prejudice as frivolous and for failure to state a claim for

which relief can be granted pursuant to § 1915(e) § 1915A § 1997e. *See Jones v. St. Tammany Parish Jail*, 4 F. Supp. 606, 613 (E.D. La. 1998) (Dismissing with prejudice the St. Tammany Parish Jail as an improper defendant).

### D. Conditions of Confinement

Price alleges that he was placed in a cell without air conditioning despite the fact that the guards that placed him there knew about his medical condition. To maintain a condition of confinement claim, Price would have to meet two requirements. First, he must show that the confinement was "objectively, sufficiently serious". *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation omitted). The Supreme Court has defined sufficiently serious as the denial of "the minimal civilized measure of life's necessities." *Id.* However "the constitution does not mandate comfortable prisons" and conditions may be "restrictive and harsh" without being unconstitutional. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Second, Price must show that prison officials acted with "deliberate indifference" to his health and safety. *Farmer*, 511 U.S. at 834. The deliberate indifference standard is based on the idea that "only the unnecessary and wanton infliction of pain implicated the Eighth Amendment." *Id*. For "the Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'" *Id.* at 837. A prison official acts with deliberate indifference only if "he knows that inmates faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. The official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Thus, the prison official's knowledge is subjective. *Id.*

Price alleges that he was locked inside a hot cell for four hours and handcuffed in another cell. In terms of the first requirement in *Farmer*, the Fifth Circuit has held that exposing an inmate

to extreme cell temperatures can constitute cruel and unusual punishment. *Hinojosa v. Livingston*, 807 F.3d 657 (5th Cir. 2015); *see e.g., Gates v. Cook*, 376 F.3d 323, 339-40 (5th Cir. 2004). However, Price's claim falls short because his placement in the cells were temporary. These allegations assert nothing more than a temporary discomfort that is insufficient to state a claim of constitutional dimension. *Holloway v. Gunnell*, 685 F.2d 150, 156 (5th Cir. 1982).

Price was placed in the subject cell for approximately nine hours. Although the conditions Price described may be unpleasant, he has failed to allege that his confinement was "objectively, sufficiently serious" or that prison officials acted with "deliberate indifference" to his health and safety. Thus, his claims do not rise to the level of a constitutional violation. *Severin v. Hunter*, 2007 WL 1592976, at *7 (E.D. La. May 30, 2007) (holding that three days of sleeping on the concrete without any cots, mattresses or sleeping bags in the allegedly cold night of the first week of October 2005 in New Orleans and the smelly condition of the portable toilet facilities was temporary and therefore did not violate the constitution); *see also Desroche v. Strain*, 507 F. Supp. 2d 571, 581 (E.D. La. 2007) ("He was exposed to these conditions for only ten days, until he was transferred to long-term holding facilities, making them at best temporary inconveniences insufficient to state a claim of constitutional dimension"); *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir.1995) (Eighth Amendment claims involving alleged uncomfortably high temperatures in lockdown and aggravation of a sinus condition as a result of the temperature did not survive summary judgment).

### E.   **Physical Injuries**

Price also alleged that he was placed in a cell handcuffed which did not allow him to relieve himself and caused injury to his hands and pinky finger.

Restraint policy is based on concerns for security and discipline. Thus, policies must be analyzed in light of the deference generally accorded to prison officials concerning such matters. *See, e.g., Rhodes v. Chapman*, 452 U.S. 337, 349 n. 14 (1981) ("[A] prison's internal security is peculiarly a matter normally left to the discretion of prison administrators."); *Bell v. Wolfish*, 441 U.S. 520, 547 (1979) ("Prison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."); *Hay v. Waldron*, 834 F.2d 481, 486 (5th Cir.1987) ("If a policy is reasonably related to legitimate security objectives and there is no substantial evidence to indicate that prison officials have exaggerated their response to security considerations, courts ordinarily should defer to prison administrators' expertise.").

The court notes that Price did not allege that the guards acted with deliberate indifference to his pain when he was handcuffed. *Wilson v. Seiter*, 501 U.S. 294, 299 (1991) ("These cases mandate inquiry into a prison official's state of mind when it is claimed that the official has inflicted cruel and unusual punishment."). Additionally, prison officials are allowed to enforce unfavorable conditions of confinement on inmates in order to maintain discipline and deter future misconduct. *Daigre v. Maggio*, 719 F.2d 1310, 1312 (5th Cir. 1983) ("We recognize that isolation is punitive, that prisoners so confined have demonstrated their defiance of prison rules, and that deprivations beyond those imposed on the general prison population is the very essence of internal prison discipline."). Accordingly, Price allegation does not rise to the level of a constitutional violation.

### IV.    Recommendation

Accordingly,

**IT IS RECOMMENDED** that Plaintiff, Sammy Steven Price's claims be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e) § 1915A and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglas v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 22nd day of July 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**